IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| VIRGINIA S. COLLINS, | § § § |
| Plaintiff, | § § |
| v. | §  Civil Action No. 4:16-cv-00386-O-BP § |
| KROGER and LOCAL 1000, UNITED FOOD AND COMMERCIAL WORKERS (KROGER), | § § § § § |
| Defendants. | § § § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant Kroger's Motion to Dismiss (ECF No. 16), filed on March 29, 2017, and Plaintiff's Response to Motion to Dismiss (ECF No. 19), filed on May 11, 2017. Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS without prejudice Plaintiff's claims for lack of subject-matter jurisdiction.

### I.  BACKGROUND

Plaintiff Virginia Collins ("Collins") brings this *pro se* action against Defendants Kroger Texas L.P. ("Kroger") and Local 1000, United Food and Commercial Workers (the "Union"). ECF No. 1. At the time of this Findings, Conclusions, and Recommendation, Kroger is the only Defendant that has been properly served. Collins asserts the following facts in her Original Complaint that are taken as true. Collins worked at Kroger from May 12, 2010 until May 12, 2015. *Id.* at 2. During this time, she made several requests for advancement within Kroger. *Id.* Her final

request was that she have the opportunity to work specific hours based on her seniority in any of the several jobs in which she had reasonable experience and knowledge. *Id.* Kroger denied all of her requests. *Id.*

After Kroger's denial of her requests, Collins sent a written request to the Union that it pursue remedies against Kroger, but the Union did not take action on her behalf. *Id.* Collins then filed a petition with the National Labor Relations Board ("NLRB") alleging that the Union had breached its duty of fair representation. *Id.* The Acting Regional Director of the NLRB declined to issue a complaint against the Union on December 30, 2015. *Id.* at 4. Collins filed her appeal of the Acting Regional Director's decision to the NLRB General Counsel who agreed with the Acting Regional Director's decision not to issue a complaint. *Id.* Collins now brings her claims before this Court, asserting that she has "questions of law to be answered by an ALJ." *Id.* at 8.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

### III.     ANALYSIS

After review of Plaintiff's Original Complaint (ECF No. 1) and Response to Defendant Kroger's Motion to Dismiss (ECF No. 19), the Court liberally construes Collins' action as an appeal from the NLRB's decision not to issue a complaint against the Union for breaching its duty of fair representation. In her Complaint, Collins states that after receiving the Acting Regional Director's refusal to issue a complaint for seniority of specific hours as required per union contract, she was not given any instructions on how to appeal the decision. ECF No. 1 at 1-2. Then, in her Response to Defendant Kroger's Motion to Dismiss, Collins asserts that she "respectfully object[s] to the motion to dismiss this legal action of cause, for a right to appeal a NLRB decision to the federal court and the right to request review before an Administrative Law Judge." ECF No. 19 at 1. As an appeal from an NLRB decision not to issue a complaint against a union for breach of its duty of fair representation, Collins' claims are not subject to review by this Court and must be dismissed for lack of subject-matter jurisdiction.

Section 3(d) of the Labor Management Relations Act provides, in part, that "the General Counsel of the Board . . . shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . . ." 29 U.S.C. § 153(d). The General Counsel's decision whether to issue a complaint or not is final and not subject to judicial review. *Detroit Edison Co. v. Nat'l Labor Relations Bd.*, 440 U.S. 301, 316 (1979) (noting that the General Counsel "could also in his unreviewable discretion refuse to issue such a complaint"). "Congress has delegated to the Office of General Counsel on 'behalf of the Board' the unreviewable authority to determine whether a complaint shall be filed." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 138-39 (1975) (citing 29 U.S.C. § 153(d); *Vaca v. Sipes*, 386 U.S. 171, 182 (1967)); *Baker v. Intern. Alliance of Theatrical Stage Emp.*, 691 F.2d 1291 (9th Cir. 1982) (district court had no subject-matter jurisdiction to review a decision of the NLRB's General Counsel not to file unfair labor practice complaints).

Although Section 10(j) of the National Labor Relations Act ("NLRA") provides that an aggrieved party who has been discriminated or retaliated against may pursue legal remedies for correction, review, or investigation of such claims by a federal agency, "federal agency" does not refer to the district court. ECF No. 19 at 2. Section 10(j) of the NLRA authorizes the federal district court to issue temporary injunctions while cases are being litigated before an Administrative Law Judge. 29 U.S.C. § 160(j). Collins does not seek the issuance of a temporary injunction in this case, but instead seeks judicial review of the NLRB's decision. Under subsection 10(f) of the NLRA, final decisions of the NLRB shall be judicially reviewable. 29 U.S.C. § 160(f). However, the Supreme Court has determined that the NLRB's decision to not issue a complaint is a prosecutorial function, differentiated from a final decision of the NLRB, and cannot be judicially reviewed under the NLRA. *N.L.R.B. v. United Food & Comm. Workers Union, Local 23, AFL-CIO*, 484 U.S. 112,

4

129 (1987). The Court thus lacks subject-matter jurisdiction over Collins' request for review of the NLRB's decision. ECF No. 1.

Dismissal for lack of subject-matter jurisdiction is not on the merits of the case and therefore is not with prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984) (citation omitted). Consequently, dismissal of Collins' claims in this case should be without prejudice to her right to assert a cause of action against these or other defendants over which the Court does have proper jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor DISMISS without prejudice all of Plaintiff's claims for lack of subject-matter jurisdiction.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 6, 2017.

                                            _/s/ Hal R. Ray, Jr._
                                            Hal R. Ray, Jr.
                                            UNITED STATES MAGISTRATE JUDGE